IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MATTHEW M. HSIEH
15556 Owings Glen Terrace
North Potomac, Maryland 20878,

       Plaintiff,

v.                       Case No:

CONSOLIDATED ENGINEERING SERVICES, INC.
320 23rd Street South, Suite 100
Arlington, Virginia 22202

SERVE: Corporation Service Company
       1090 Vermont Avenue, NW
       Washington, DC 20005
       (Registered Agent)

CASE NUMBER 1:06CV01626

and

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Personal Injury/Malpractice

UNITED STATES OF AMERICA

DATE STAMP: 09/20/2006

SERVE: Attorney General
       United States of America
       Department of Justice, Room B-112
       10th Street & Constitution Avenue, NW
       Washington, DC 20520
          and
       Civil Process Clerk
       United States Attorney for the
       District of Columbia

and

GENERAL SERVICES ADMINISTRATION

SERVE: General Services Administration
       Office of Regional Counsel
       7th & D Streets, SW, Suite 7048
       Washington, DC 20047,

       Defendants.

-2-

**COMPLAINT**

(Negligence)

YOUR PLAINTIFF, MATTHEW M. HSIEH, BY COUNSEL, ASSERTS:

1. That jurisdiction is founded in this Court pursuant to the provisions of The Federal Tort Claims Act, 28 U.S.C. Sections 2671, **et. Seq.**.

2. That on September 11, 2004 he was walking on the sidewalk pushing his three year old daughter in a stroller over a grate in the sidewalk at or near the corner of 10th Street and Pennsylvania Avenue, NW, in the District of Columbia.

3. That at the aforesaid time and place he suffered severe burns on his body when struck by steam or some other extremely hot, vaporous material that was emitted from the grate.

4. That, upon information and belief, at the time of the incident complained of herein the defendants United States of America and the General Services Administration (hereinafter collectively "the GSA") owned the Steam Distribution Complex from which the steam and/or other vaporous material that caused him harm was emitted.

5. That, upon information and belief, at the time of the incident complained of herein the defendant Consolidated Engineering Services, Inc. (hereinafter "CESI") was contractually

responsible for the inspection, maintenance and repair of the Steam Distribution Complex from which the steam and/or other vaporous material that is involved herein was emitted.

6. That on November 3, 2004 he, by counsel, notified the Office of General Counsel, United Stated General Services Administration, by mail of his injuries and claim for damages pursuant to The Federal Tort Claims Act.

7. That on November 1, 2005 his counsel filed on his behalf with the General Services Administration Standard Form 95, Claim For Damage, Injury or Death pursuant to the provisions of The Federal Tort Claims Act, 28 U.S.C. Secs. 2671, **et. seq.**.

8. That on March 31, 2006 the defendant General Services Administration notified his counsel by mail that it was denying his claim and informed him that the maintenance and repair services for the Steam Distribution Complex in question in this lawsuit was at the time of his injuries the responsibility of the defendant CESI.

9. That, upon information and belief, on September 11, 2004, the GSA was responsible for supervising, overseeing and ensuring quality assurance on the repair and maintenance of the Steam Distribution Complex from which the steam and/or other vaporous material that caused him harm was emitted.

-4-

10. That, upon information and belief, both before and at the time of the incident complained of herein, the defendants had actual knowledge of the problem that existed with the steam Distribution Complex that is involved in this lawsuit that produced the steam and/or other vaporous material that caused him harm and that, as a member of the general public, he would be potentially exposed to such harm.

11. That the defendants failed to provide him with any warning of the danger or potential danger to which he was exposed by the emission of the steam and/or other vaporous material from the Steam Distribution Complex that is involved herein.

12. That the incident in which he was injured on September 11, 2004 that is described above and his consequential damages were directly caused by the joint and several negligence of the defendants by the failure of their employees and/or agents acting within the scope of their employment or agency with them to exercise the degree of care required of them in the circumstances presented in the inspection, maintenance and repair of the steam distribution complex so as to have prevented him from being injured in the manner that he was and/or by their failure to have provided him with a warning of the dangerous or potentially dangerous condition presented by the emission of the steam and/or other vaporous material from the grate in the sidewalk that was neither open nor obvious to him of which they were ware or in the exercise of due care they should have been

-5-

aware of which he was not aware.

    13. That, as a direct and proximate result of the joint and several negligence of the defendants' employees and/or agents acting within the scope of their employment or agency with the defendants, as set forth in part above, for which they are liable pursuant to the legal theory of **respondeat superior**, he has sustained damages for which the law entitles him to compensation. Among these, but not limited to them, are;

    (a) severe personal injuries;

    (b) medical expenses, including doctors, hospitals, nursing, medication, therapy and rehabilitation expenses;

    (c) a loss of earnings and earning capacity;

    (d) disfigurement;

    (e) great physical pain and suffering;

    (f) inconvenience and discomfort, and;

    (g) temporary total disability and permanent partial disability, both physical and emotional.

    WHEREFORE, the plaintiff respectfully requests the entry of a verdict and judgment against the defendants, jointly and severally, for compensatory damages in the full and just amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000.00), plus pre-judgment and post-judgment interest and costs, as allowed by law.

-6-

The plaintiff respectfully demands a trial by jury.

*[signature: Matthew M. Heinel]*
_____
Plaintiff, by counsel

GAMMON & GRANGE, P.C.
8280 Greensboro Drive, 7th Floor
McLean, Virginia 22102
(703) 761-5000

*[signature]*
_____
Robert B. Adams    DC Bar #189159
Timothy R. Obitts
Counsel for Plaintiff